Order Filed on May 29, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

DENISE CARLON, ESQUIRE
KML LAW GROUP, P.C.
Sentry Office Plz
216 Haddon Ave.
Suite 406
Westmont, NJ 08018
dcarlon@kmllawgroup.com
Attorneys for Credit Suisse First Boston mortgage
Securities Corp., Home Equity Asset Trust 2007-1,
Home Equity Pass-Through Certificates, Series 2007-
1, U.S. Bank National Association, as Trustee

| In Re: | Case No.:  17-34898 RG |
| | Adv. No.: |
| Carolyn Chestnut, | Hearing Date:  2/07/18 @9:00 a.m. |
| | |
| Debtor. | Judge:  Rosemary Gambardella |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby
**ORDERED**

**DATED: May 29, 2018**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

Page 2
Debtor:            Carolyn Chestnut
Case No.:          17-34898 RG
Caption:           **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                   DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Credit Suisse First Boston mortgage Securities Corp., Home Equity Asset Trust 2007-1, Home Equity Pass-Through Certificates, Series 2007-1, U.S. Bank National Association, as Trustee, holder of a mortgage on real property located at 301 East 41st Street, Paterson, NJ, 07504, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Russell Low, Esquire, attorney for Debtor, Carolyn Chestnut, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to make payments per the Loss Mitigation Program;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event the loan mod is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by the date set forth in the loss mitigation order, or as may be extended by an application for extension and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to any pre- or post-petition arrears; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loss mitigation is unsuccessful, Debtor will modify the plan to otherwise address the claim of Secured Creditor; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.